UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT WILLIAMS,

    Petitioner,

                                    CASE NO. 2:11-CV-10992
v.                              JUDGE DENISE PAGE HOOD
                                    MAGISTRATE JUDGE PAUL KOMIVES

PAUL D. KLEE,

    Respondent.
_____/

## REPORT AND RECOMMENDATIONON

I.    RECOMMENDATION: The Court should dismiss as moot petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural Background*

Petitioner Lamont Williams is a former state prisoner, who has now been discharged from his sentence.[1] Petitioner was initially convicted of receiving and concealing stolen property in June 2002 pursuant to his guilty plea in the Wayne County Circuit Court, and was sentenced to a term of 6 months' to 5 years' imprisonment. He was placed in community corrections in 2003, from which he absconded. In 2004, he was sentenced on a separate firearms charge. Petitioner was released on parole in 2007, and again absconded. In 2009 he was returned to prison based on his parole violation.

---

[1]According to the Michigan Department of Corrections' Offender Tracking Information System (OTIS) website, petitioner was discharged from his various sentences on June 24, 2011. *See* http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=346480 (visited Aug. 23, 2012). Pursuant to FED. R. EVID. 201(c), the Court may take judicial notice of the information provided on OTIS. *See Daly v. Burt*, 613 F. Supp. 2d 916, 920 n.2 (E.D. Mich. 2009) (Murphy, J.); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n. 3 (E.D. Mich. 2004) (Tarnow, J.).

Petitioner contends that in calculating his maximum discharge date, the Department of Corrections improperly forfeited 130 days of disciplinary credits, in violation of Michigan statutes governing disciplinary credits. After pursuing administrate grievances, petitioner filed this habeas application challenging the forfeiture on March 14, 2011. As noted above, petitioner was discharged from his sentences on June 24, 2011. Respondent filed an answer to the petition on July 7, 2011, arguing that petitioner's claims are moot and without merit. For the reasons that follow, the Court should conclude that it lacks jurisdiction over petitioner's habeas application because the claims raised by petitioner are moot.

B.     *Analysis*

Under Article III of the Constitution, a federal court has jurisdiction only over actual "cases or controversies." U.S. CONST. art. III, § 2. As the Supreme Court has explained:

> "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990). See also *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra*, at 477.

*See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (alternation in original). In other words, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Thus, a case is moot and outside the Court's jurisdiction if "events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Mootness is a jurisdictional issue which may be raised by the Court *sua sponte*. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

Because petitioner challenged only the computation of his sentence, and not the validity of the

2

underlying conviction, a ruling in favor of petitioner would not provide him any relief. As explained by the Third Circuit in similar circumstances:

> While an incarcerated inmate's challenge to the validity of his incarceration satisfies the case-or-controversy requirement, the inmate's suit becomes moot upon release unless he or she can demonstrate some "collateral consequence" that persists beyond the sentence's expiration and is "likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that even if a revocation of parole was improper, jurisdiction did not exist after the petitioner was released from prison and his term of imprisonment expired).
> Since Williams' habeas petition challenged only the sanctions imposed as a result of his escape, it was filed purely in an effort to secure his release at a date earlier than that calculated by the DHO. The only potential consequence of the imposed sanctions, other than the increased period of incarceration, is the delay of the commencement of his supervised-release term. A delayed commencement of supervised release due to an alleged wrongful calculation of good-conduct time cannot be redressed by a favorable judicial decision. *See United States v. Johnson*, 529 U.S. 53, 60 (2000). By statute, supervised release may commence only upon an inmate's release from prison, 18 U.S.C. § 3624(e) (2000), and once commenced, an individual's term of supervised release runs for the period ordered by the sentencing court. *See Johnson*, 529 U.S. at 56-60. This term "cannot be reduced 'by reason of excess time served in prison.'" *DeFoy v. McCullough*, 393 F.3d 439, 442 n. 3 (3d Cir.2005) (quoting *Johnson*, 529 U.S. at 60).
> Consequently, given Williams' release from prison on March 29, 2006, and the absence of any collateral consequences of the challenged imposition of sanctions, the Court does not have jurisdiction to consider the merits of this appeal.

*Williams v. Sherman*, 214 Fed. Appx. 264, 265 (3d Cir. 2007) (parallel citations omitted). Here, as in *Williams*, petitioner challenges only the computation of his sentence based on the forfeiture of disciplinary credits, and the only relief he seeks is earlier release. The only potential consequence that still exists following his release is the delayed starting of a parole term, but it is clear that petitioner was not release on parole; he was discharged from his sentence, having served until his maximum discharge date. Accordingly, the Court should dismiss the petition as moot.

C.      *Recommendation Regarding Certificate of Appealability*

      1.      *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that

3

a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by §

4

2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

    2. *Analysis*

    Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* at 486.

    If the Court accepts the foregoing recommendation, petitioner cannot show that the Court's ruling on the procedural question is reasonably debatable. As noted above, it is clear from the face of petitioner's habeas application that he challenges only the computation of his sentence. Because he has been discharged from that sentence, and it not reasonably debatable that petitioner's application is moot. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

D. *Conclusion*

In view of the foregoing, the Court should dismiss as moot petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also conclude that petitioner is not entitled to a certificate of appealability.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 29, 2012              s/ Paul J. Komives
                                    PAUL J. KOMIVES
                                    UNITED STATES MAGISTRATE JUDGE